17 Neb. App. 891
BRIAN P. WALZ, APPELLANT,
v.
BEVERLY NETH, DIRECTOR, STATE OF NEBRASKA, MOTOR VEHICLES, APPELLEE.
No. A-08-486.
Court of Appeals of Nebraska.
Filed September 8, 2009.
David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.
Jon Bruning, Attorney General, Andee G. Penn, and Milissa Johnson-Wiles for appellee.
IRWIN, CARLSON, and MOORE, Judges.
CARLSON, Judge.

INTRODUCTION
Brian P. Walz appeals from the decision of the district court for Red Willow County, which affirmed the order of the director of the Nebraska Department of Motor Vehicles, Beverly Neth (Director), revoking his driving privileges and driver's license for a period of 1 year pursuant to the administrative license revocation (ALR) statutes. For the reasons set forth below, we affirm.

BACKGROUND
The record shows that on December 22, 2007, at 1:25 a.m., Sgt. David Ortiz of the McCook Police Department stopped Walz for speeding and reckless driving. Ortiz stated that he stopped Walz' vehicle after Walz almost collided with another vehicle. Officer Keith Miner, also of the McCook Police Department, followed Ortiz in a second patrol car as Ortiz stopped Walz. As Ortiz approached Walz' vehicle, Ortiz smelled the strong odor of an alcoholic beverage on Walz' person, and when Walz exited his vehicle, Walz appeared as if he was going to fall over.
Ortiz asked Walz if he would perform field sobriety tests, but Walz refused the tests. Ortiz also asked Walz to submit to a preliminary breath test, and Walz refused. Ortiz then placed Walz under arrest for suspicion of driving under the influence of alcohol, and Miner transported Walz to the McCook police station. When Walz arrived at the police station, Ortiz asked Walz to submit to a chemical blood test, which Walz refused. Ortiz then completed a sworn report detailing the incident, and both Ortiz and Miner signed the sworn report in the presence of a notary.
The sworn report states that Walz was arrested pursuant to Neb. Rev. Stat. § 60-6,197 (Reissue 2004), and the reasons listed for Walz' arrest were speeding, 39 m.p.h. in a 25-m.p.h. zone, and reckless driving. The Director received the sworn report on December 31, 2007. Subsequently, the Director sent a blank addendum to the sworn report to Ortiz and Miner. In the addendum, the Director stated, "The [D]irector has determined the reasons for arrest on the sworn report sent to you with this addendum may not confer jurisdiction to revoke the arrested person's operators license. . . . On the form be[low], please indicate how you determined the arrested person was driving while intoxicated."
Ortiz then filled out the addendum to the sworn report and listed the reasons for Walz' arrest as "Speeding 39 in 25; Reckless driving  near head on accident, strong odor of alcohol, slurred speech, refused SFST, PBT and chemical test." Ortiz signed the addendum in the presence of a notary and returned the addendum to the Director on January 4, 2008.
A hearing was held on January 18, 2008, and the sworn report and the addendum were received into evidence at the hearing. Following the hearing, the hearing officer recommended that Walz' driving privileges and license be suspended for 1 year. The Director then adopted the recommended order of the hearing officer and revoked Walz' driving privileges and license, effective January 21, 2008. Walz appealed to the district court, which affirmed. Walz appeals.

ASSIGNMENTS OF ERROR
Walz argues, condensed and restated, that the trial court erred in (1) determining that the Department of Motor Vehicles (hereinafter Department) had jurisdiction to initiate an ALR proceeding against him, because the original sworn report did not confer jurisdiction upon the Department and the addendum to the sworn report should not have been received as evidence; (2) failing to find that the Director denied him substantive due process of law by having an ex parte communication with a witness and suggesting that the sworn report be amended; (3) failing to find that the addendum to a sworn report need not be executed by the two officers who executed the original sworn report.

STANDARD OF REVIEW
[1-3] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Stoetzel v. Neth, 16 Neb. App. 348, 744 N.W.2d 465 (2008). When reviewing an order of the district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Stoetzel v. Neth, supra. Whether a decision conforms to the law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. Id.

ANALYSIS

JurisdictionSworn Report.
Walz argues that the Department did not have jurisdiction, because Ortiz failed to testify he forwarded the addendum to Walz as required by law, and that the Department denied him substantive due process of law by having an ex parte communication with a witness and suggesting that the sworn report be amended.
[4] In proceedings before an administrative agency or tribunal which has jurisdiction, procedural due process requires the following: notice, identification of the accuser, factual basis for the accusation, reasonable time and opportunity to present evidence concerning the accusation, and a hearing before an impartial board. Taylor v. Wimes, 10 Neb. App. 432, 632 N.W.2d 366 (2001).
[5] In the instant case, the sworn report Ortiz gave to Walz clearly gave Walz notice that he was being accused of driving under the influence and refusing to submit to a chemical test. There is no statutory requirement that an arrested person be given the reasons for his or her arrest, and the fact that the officer's sworn report, when completed, provides the arrested person with some information concerning the reasons for arrest does not mean that he or she is deprived of due process simply because all of the additional information was not given to the person. See Taylor v. Wimes, supra. Therefore, we conclude that even though the addendum to the sworn report listed other reasons for Walz' arrest, the fact that Walz may not have been provided these reasons does not mean that Walz' due process rights were violated.
In regard to Walz' claim that the Department denied him substantive due process of law by having an ex parte communication with a witness, we conclude that the law does not support Walz' argument. Neb. Rev. Stat. § 84-914(6)(b) (Reissue 2008) states:
No hearing officer or agency head or employee who is or may reasonably be expected to be involved in the decision-making process of the contested case shall make or knowingly cause to be made an ex parte communication to any party in a contested case or other person outside the agency having an interest in the contested case.
In the instant case, Ortiz and Miner were potential witnesses at Walz' ALR hearing; neither Ortiz nor Miner was a party in Walz' ALR proceeding or a person outside the Department having an interest in Walz' case. Therefore, the record fails to show that Walz' due process rights were violated by the Director's ex parte communication with Ortiz and Miner.
In Stoetzel v. Neth, 16 Neb. App. 348, 744 N.W.2d 465 (2008), this court addressed the question of whether a sworn report that had been amended after the arresting officer submitted the report to the Director could be considered for purposes of establishing jurisdiction. We found that the Department lacked jurisdiction to initiate an ALR proceeding, because the original sworn report failed to include the date the arresting officer received the blood test results and because the amended sworn report was not received in a timely manner and was not properly sworn. We made no finding that a properly notarized and timely received amendment cannot be properly considered by the Director in determining whether the Department has jurisdiction to proceed with an ALR proceeding.
In the instant case, we find that the Department had jurisdiction to proceed with an ALR proceeding against Walz, because the addendum to the original sworn report was properly notarized and timely received. Walz argues that the sworn report was improper because only Ortiz executed the addendum to the sworn report. Walz contends that because the original sworn report was executed by two arresting officers, "it would seem that an addendum, in order to be valid, would also have to be executed by the original officers." Brief for appellant at 8.
Walz offers no support for his contention, and we see no reason why the addendum needed to be executed by more than one officer. Neb. Rev. Stat. § 60-498.01(2) (Reissue 2004) states that a sworn report must be forwarded to the Director within 10 days of the arrest by an "arresting peace officer." The record clearly shows that Ortiz was an arresting peace officer, and there is no requirement that both Ortiz and Miner were required to sign the addendum.
[6] Regarding the requirement that the addendum be received in a timely manner, § 60-498.01(2) provides, "If a person arrested as described in subsection (2) of section 60-6,197 refuses to submit to the chemical test of blood, breath, or urine required by section 60-6,197, . . . [t]he arresting peace officer shall within ten days forward to the [D]irector a sworn report. . . ." In Forgey v. Nebraska Dept. of Motor Vehicles, 15 Neb. App. 191, 724 N.W.2d 828 (2006), this court held that the 10-day time limit set forth in § 60-498.01(2) which states that an arresting officer shall forward a sworn report to the Director of the Department is directory rather than mandatory. We further held that the violation of such time limit did not invalidate the ALR proceedings.
Therefore, even though the addendum to the sworn report was forwarded to the Director 13 days after Walz' arrest, we conclude that the Department had jurisdiction to initiate an ALR proceeding against Walz. The original sworn report alone did not confer jurisdiction upon the Department, but the addendum to the sworn report was properly received as evidence, and the addendum and the original sworn report together conferred jurisdiction upon the Department.

JurisdictionNo Finding That Walz Was Arrested for Refusal to Submit.
[7] Walz also argues that the Department did not have jurisdiction to revoke his driver's license and/or operating privileges for 1 year, because the hearing officer did not make a finding that Walz was arrested for refusal to submit to a chemical test. Although Walz discusses this assignment, he did not assign it as error. In the absence of plain error, an appellate court considers only claimed errors which are both assigned and discussed. Kirkwood v. State, 16 Neb. App. 459, 748 N.W.2d 83 (2008). After reviewing the record, we find no plain error.

CONCLUSION
For the reasons set forth above, we conclude that the trial court did not err in determining that the Department had jurisdiction to initiate an ALR proceeding against Walz. The trial court did not err in receiving the sworn report into evidence, and such admission did not violate Walz' due process rights. Additionally, the trial court did not err in failing to find that the addendum to a sworn report need not be executed by both of the officers who executed the original sworn report. We do not discuss Walz' argument that the Department did not have jurisdiction to revoke his driver's license and/or operating privileges because the hearing officer failed to find that Walz was arrested for refusal to submit to a chemical test. Walz did not assign this argument as error. For these reasons, we affirm the order of the district court for Red Willow County, affirming the revocation of Walz' driver's license and privileges for 1 year.
AFFIRMED.
IRWIN, Judge, dissenting.
I respectfully dissent from the decision of the majority affirming the practice of the Director of reviewing the sworn report prior to the ALR hearing, assessing its sufficiency to confer jurisdiction and prove the Department's prima facie case, ex parte advising the arresting officer of potential deficiencies, and then receiving an addendum at the ALR hearing remedying potential defects in accordance with the Director's concerns. I do not believe there is any authority for the Director to act in this fashion.
I find it troubling that the ultimate decisionmaker in this administrative action, the Director, in an ex parte fashion, previewed the document which both confers jurisdiction and amounts to prima facie proof of the Department's case and assessed its sufficiency, contacted the arresting officer, and sought to bolster the evidence prior to the ALR hearing. It is well established in Nebraska case law that administrative bodies have no power or authority other than that specifically conferred by statute or by construction necessary to accomplish the plain purpose of an administrative act. See, Brunk v. Nebraska State Racing Comm., 270 Neb. 186, 700 N.W.2d 594 (2005); Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005). In this case, there is no statute conferring authority on the Director to review the sworn report and seek to bolster its sufficiency prior to the hearing, without notice to the driver.
In addition, inasmuch as the sworn report acts both as the jurisdictional document and as the prima facie case for the Department, the Director's assessing and seeking to bolster the sufficiency of the sworn report without notice to the driver has an additional feel of impropriety and lack of impartiality. In my assessment, the Director is limited either to that authority specifically granted by the statutes or to those actions necessary to carry out the purposes of the ALR statutes; the majority's endorsement of this practice appears to take the approach that there is no statute prohibiting the action, which seems to me to turn the basic general rule about the authority of administrative bodies upside down. I also note that there does not appear to be any authority from the Nebraska Supreme Court approving of or endorsing this practice.
Finally, I am also troubled by the potential due process implications of the sworn report's being substantively supplemented with an addendum that may not have ever been provided to Walz prior to the hearing. Although I recognize that, as the majority notes, Taylor v. Wimes, 10 Neb. App. 432, 632 N.W.2d 366 (2001), stands for the proposition that there is no statutory requirement that an arrested person be given the reasons for his or her arrest, I find the present case significantly distinguishable from Taylor. In that case, the sworn report specifically indicated that the more detailed reasons for the arrest were contained on a separate "'probable cause form,'" id. at 435, 632 N.W.2d at 370, and this court specifically noted in its rejection of the driver's due process challenge that the driver could have obtained a copy of the report through discovery, being aware of its existence, but made no apparent effort to do so. In the present case, the sworn report itself was arguably deficient to confer jurisdiction and there was nothing to indicate to Walz that an additional supplementary document was in existence.
The record suggests that the Director sent a true and accurate copy of the notice and exhibits for the hearing to Walz on January 3, 2008. The addendum, however, was not received by the Department until January 4. As such, the record presented suggests that the addendum was never provided to Walz prior to the hearing. The Department, in its brief on appeal, indicates that "[t]he Department's transcript also shows that on January 7, 2008, the Director mailed a copy of Sergeant Ortiz's completed addendum to both Walz and Walz's counsel" and cites to "(Department T15)." Brief for appellee at 12. The record presented to this court on appeal does not include the "Department's transcript" and does not include any such indication of mailing to Walz.
Unlike the sworn report in Taylor v. Wimes, supra, the sworn report presented to Walz was arguably insufficient to confer jurisdiction and included no reference to any other supplemental documents that would cure the jurisdictional defect. Without notice of the existence of an addendum solicited by the Director, it is arguable that Walz would have been justified in preparing for the hearing by preparing to simply challenge the jurisdiction of the Director based on the deficiencies of the sworn report. The record presented to us does not indicate that Walz was provided notice prior to the hearing that there was any need to prepare a substantive case to challenge revocation, because the materials provided to Walz indicated a lack of jurisdiction.
For the foregoing reasons, I respectfully dissent from the decision of the majority.