305 N.W.2d at 877. To suggest that the State can sign an acceptance of revocation 6 years after it has been provided to it does not comport with "prompt and strict compliance with the statute."

If parents are required to revoke their relinquishments within a reasonable time, so, too, should the placement agency be required to accept the relinquishment within a reasonable time. Under the facts of this case, however, I agree that Ida is precluded from revoking her relinquishment at this late date. Although it does not appear from our record that Ida's relinquishment documents were filed with the court, copies of the documents are included in the record. On June 17, 2009, upon the representation of Ida's prior counsel that Ida had signed relinquishments and that DHHS had accepted the relinquishments, the court dismissed allegations against Mario Sr. and dismissed case No. JV06-470. Thereafter, DHHS, Ida, and the court acted for several years as though an acceptance existed. Under these facts, I concur that the policy reasons expressed by the majority require the result ultimately reached.

————————

Donald G. Klingelhoefer, individually, as beneficiary
of the Constance K. Klingelhoefer Revocable
Trust, and as representative of Constance
Klingelhoefer, L.L.C., appellant, v.
Parker, Grossart, Bahensky &
Beucke, L.L.P., appellee.
___ N.W.2d ___

Filed June 4, 2013.   No. A-12-477.

1. **Appeal and Error.** An appellate court addresses only issues assigned and argued.
2. **Standing: Jurisdiction.** Standing requires that a litigant have a personal stake in the outcome of a controversy that warrants invocation of a court's jurisdiction and justifies exercise of the court's remedial powers on the litigant's behalf.
3. **Standing: Claims: Parties: Proof.** To have standing, a litigant must assert its own rights and interests and demonstrate an injury in fact, which is concrete in both a qualitative and temporal sense.
4. **Corporations: Derivative Actions.** A member of a limited liability company bringing a derivative action must set forth in the complaint what actions were taken to comply with Neb. Rev. Stat. § 21-165 (Reissue 2012).

5. **Trusts: Actions.** Beneficiaries of a trust may generally enforce a cause of action that the trustee has against a third party only if the trustee cannot or will not do so.

6. **Corporations: Actions: Parties.** As a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. Such a cause of action is in the corporation and not the shareholders. The right of a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation.

7. **Corporations: Actions: Parties: Proof.** If a shareholder can establish an individual cause of action because the harm to the corporation also damaged the shareholder in his or her individual capacity, then the individual can pursue his or her claims.

8. **Corporations: Actions: Parties: Proof: Words and Phrases.** In order to establish an individual harm, the shareholder must allege a separate and distinct injury or a special duty owed by the party to the individual shareholder. A "special duty" is a duty owed to the shareholder separate and distinct from the duty owed to the entity.

9. **Corporations: Actions: Parties: Damages.** Even if a shareholder establishes that there was a special duty, he or she may only recover for damages suffered in his or her individual capacity, and not injuries common to other shareholders.

10. **Corporations: Trusts: Actions: Parties.** The duty a third person owes to an individual trust beneficiary or member of a limited liability company must be separate and distinct from the duty owed to the trust or the limited liability company.

11. **Attorney and Client: Parties: Negligence: Liability.** The Nebraska Supreme Court set out factors the court is to examine to determine the extent of an attorney's duty, if any, to a third party. These factors include: (1) the extent to which the transaction was intended to affect the third party, (2) the foreseeability of harm, (3) the degree of certainty that the third party suffered injury, (4) the closeness of the connection between the attorney's conduct and the injury suffered, (5) the policy of preventing future harm, and (6) whether recognition of liability under the circumstances would impose an undue burden on the profession.

12. **Appeal and Error.** In the absence of plain error, an appellate court considers only claimed errors which are both assigned and discussed.

Appeal from the District Court for Buffalo County: JAMES E. DOYLE IV, Judge. Affirmed.

David J. Lanphier, of Broom, Clarkson, Lanphier & Yamamoto, for appellant.

Anne Marie O'Brien, of Lamson, Dugan & Murray, L.L.P., for appellee.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

Riedmann, Judge.

## I. INTRODUCTION

Donald G. Klingelhoefer appeals the decision of the district court for Buffalo County granting summary judgment in favor of Parker, Grossart, Bahensky & Beucke, L.L.P. (Parker Grossart), and denying Donald's motion to alter or amend the judgment. The district court found Donald lacked standing to bring this professional malpractice action because Parker Grossart owed no duty to Donald as a member of Constance Klingelhoefer, L.L.C. (LLC); as a beneficiary of the Constance K. Klingelhoefer Revocable Trust (Trust); or as one of the heirs of his mother, Constance K. Klingelhoefer. Because we find no merit to the issues raised on appeal, we affirm.

## II. BACKGROUND

Donald is one of the 11 children of Constance. In 1996, Constance hired Damon Bahensky, an attorney and member of Parker Grossart, to assist her in developing and implementing a comprehensive estate plan. Constance's goals were to reduce estate taxes, avoid the need for probate, and ensure that her three sons who were actively engaged in farming had the opportunity to purchase some or all of the real estate she owned in Buffalo County.

To reduce estate taxes, Constance created the LLC and transferred her real estate into the LLC. She gave interests in the LLC to each of her 11 children and kept an interest for herself. To avoid the need for probate, Constance created the Trust, of which she was the initial trustee, and transferred her personal property into the Trust. Constance also executed a will, directing that upon her death, any remaining real or personal property in her possession be transferred to the Trust. Constance died on March 19, 2006. Donald filed his initial complaint on October 29, 2009. He brought the action solely in his name. Parker Grossart filed a motion to dismiss for failure to state a claim, primarily raising the issue of Donald's standing to bring an action in his own name for injuries he allegedly sustained as a member of the LLC and as a beneficiary of the Trust. Instead of granting the motion to dismiss, the district court allowed Donald 30 days to amend

his complaint. The court noted that Donald was suing, in part, as a member of the LLC and that as such, he could bring a derivative action if it was properly alleged. The court granted Donald leave to file an amended complaint containing proper allegations for a derivative suit and otherwise clarifying his allegations. Particularly, the court noted that to properly assert a derivative action, Donald either must assert that he requested that the manager or appropriate member institute the action or explain why such request would be futile.

Donald filed an amended complaint, changing the caption to reflect himself individually and as "Beneficiary of [the Trust] and as Representative of [the LLC]." He inserted an allegation stating that he did not

> secure an initiation of this action *against* [*the*] *LLC* by the manager of the LLC and certain other members, because the same would be futile since the acting manager and certain other named members . . . were beneficiaries of the misconduct alleged in this Amended Complaint, and further were previously represented by [Parker Grossart].

(Emphasis supplied.) Donald did not include an allegation that he had requested that the LLC file the present action or why such request would be futile.

After Donald filed the amended complaint, Parker Grossart moved for summary judgment. The district court granted the motion, concluding that Donald lacked standing to maintain a professional negligence action against Parker Grossart based on his status as an heir of Constance or as a member of the LLC. The court further concluded that Parker Grossart owed no duty to Donald as a beneficiary of the Trust.

Donald filed a motion for a new trial, arguing that the district court should reconsider its previous ruling in light of *Sickler v. Kirby*, 19 Neb. App. 286, 805 N.W.2d 675 (2011), an opinion this court released just prior to the district court's grant of summary judgment. The district court, treating the motion as one to alter or amend, denied the motion. In a lengthy order, the court addressed its prior ruling as it related to Donald's status as a member of the LLC and as a beneficiary of the Trust. The court determined that Donald did not

challenge the court's finding regarding his lack of standing to sue as Constance's heir. Expanding on its prior order, the court stated that Donald had no standing either as a member of the LLC or as a beneficiary of the Trust and that Parker Grossart owed Donald no duty in either of these capacities. This timely appeal followed.

## III. ASSIGNMENTS OF ERROR

Donald assigns, restated and renumbered, that the district court erred in (1) granting Parker Grossart's motion for summary judgment based on a finding that Donald lacked standing, (2) denying Donald's motion to alter or amend the court's previous ruling, and (3) requiring Donald to amend his complaint to allege a derivative action and then failing to allow him to present evidence as to damages.

## IV. STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Wolski v. Wandel*, 275 Neb. 266, 746 N.W.2d 143 (2008). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all favorable inferences deducible from the evidence. *Id*.

## V. ANALYSIS

[1] The record establishes that Constance employed Bahensky to assist her with legal matters relating to her estate. Donald does not allege he employed Bahensky; rather, his complaint seeks recovery on his status as a beneficiary of the Trust, an heir of the estate, and a member of the LLC to assert that Bahensky owed him a duty of reasonable care. Because Donald only assigns, and does not argue, that his status as an heir of the estate gives him standing, we do not address this assigned error. See *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003) (appellate court addresses only issues assigned and argued).

### 1. Standing to Sue

[2,3] Donald argues the district court erred in granting Parker Grossart's motion for summary judgment, because Bahensky owed a duty to members of the LLC and beneficiaries of the Trust and therefore he had standing to bring this action. Standing requires that a litigant have a personal stake in the outcome of a controversy that warrants invocation of a court's jurisdiction and justifies exercise of the court's remedial powers on the litigant's behalf. *Butler Cty. Sch. Dist. v. Freeholder Petitioners*, 283 Neb. 903, 814 N.W.2d 724 (2012). To have standing, a litigant must assert its own rights and interests and demonstrate an injury in fact, which is concrete in both a qualitative and temporal sense. *Id*.

#### (a) Donald Did Not Plead Derivative Action

Donald purports to bring this action individually and as a "representative" of the LLC and beneficiary of the Trust. For reasons set forth below, we determine that Donald's claims were individual claims and were not pled as a derivative action.

[4,5] Neb. Rev. Stat. § 21-164 (Reissue 2012) allows for a direct action by a member of a limited liability company against only the limited liability company itself, its manager, or another member; however, Neb. Rev. Stat. § 21-165 (Reissue 2012) allows for derivative actions if the member makes a demand upon the manager of the limited liability company to institute the action unless such demand would be futile. A member bringing a derivative action must set forth in the complaint what actions were taken to comply with § 21-165. See Neb. Rev. Stat. § 21-167 (Reissue 2012). Similarly, beneficiaries of a trust may generally enforce a cause of action that the trustee has against a third party only if the trustee cannot or will not do so. 90A C.J.S. *Trusts* § 581 (2013).

We note that in response to Bahensky's motion to dismiss, the court allowed Donald 30 days to amend his complaint to meet the statutory requirements of § 21-167 and to clarify his allegations as a trust beneficiary. The trial court determined

that the amended complaint did not properly allege a derivative action, and we agree.

In his amended complaint, Donald did not aver that he requested the manager of the LLC to institute this professional negligence action; rather, he stated it would have been futile to request that the manager initiate an action against *the LLC*. Even construing this to be an attempt to comply with § 21-167, Donald does not allege anywhere in the amended complaint that his claims were brought *on behalf of* the LLC or *on behalf of* the Trust.

Furthermore, Donald's amended complaint references a prior action filed by the successor trustee and manager of the LLC against Donald and his siblings, seeking a declaration as to the proper interpretation of documents of the Trust and the LLC. This court determined that the successor trustee and manager's interpretation of the documents conformed to Constance's intent in establishing the Trust and the LLC. See *Klingelhoefer v. Monif*, No. A-11-056, 2012 WL 148730 (Neb. App. Jan. 17, 2012) (selected for posting to court Web site). In the present action, Donald now seeks damages from Bahensky based on an interpretation of the Trust and the LLC that we rejected in the prior lawsuit. By doing so, Donald is, in essence, taking a position adverse to the established intent of the Trust and the LLC. It is clear that Donald's personal interests are at the forefront of this litigation, which is inconsistent with a derivative action to further the interests of the entity on whose behalf the action is brought. See *Ferer v. Erickson, Sederstrom*, 272 Neb. 113, 718 N.W.2d 501 (2006).

Given that Donald's amended complaint cannot properly be construed as a derivative action, we address Donald's standing to bring a professional malpractice action as a member of the LLC and as a beneficiary of the Trust.

### (b) Donald Lacks Standing to Sue Parker Grossart as Member of LLC or Beneficiary of Trust

[6] The Nebraska Supreme Court has treated an attorney malpractice action by a member of a limited liability company identically to an action by a shareholder of a corporation. See

*Freedom Fin. Group v. Woolley*, 280 Neb. 825, 792 N.W.2d 134 (2010). As a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. Such a cause of action is in the corporation and not the shareholders. The right of a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation. *Id.*

[7-9] If, however, a shareholder can establish an individual cause of action because the harm to the corporation also damaged the shareholder in his or her individual capacity, then the individual can pursue his or her claims. *Id.* In order to establish an individual harm, the shareholder must allege a separate and distinct injury or a special duty owed by the party to the individual shareholder. *Id.* A "special duty" is a duty owed to the shareholder separate and distinct from the duty owed to the entity. See *id.* Even if a shareholder establishes that there was a special duty, he or she may only recover for damages suffered in his or her individual capacity, and not injuries common to other shareholders. *Id.* In the present case, Donald does not allege any injury or damages he sustained separate and distinct from the harm allegedly suffered by other nonfarming members of the LLC and beneficiaries of the Trust. In fact, his argument is that Bahensky's actions benefited the three farming members of the LLC over the nonfarming members and beneficiaries of the Trust, which means his injury is not separate and distinct.

[10] Having failed to prove a separate and distinct injury, Donald must prove Bahensky owed him a special duty. This duty must be separate and distinct from the duty owed to the Trust or the LLC. See *Freedom Fin. Group v. Woolley, supra.* Donald does not allege any special duty; rather, his claim is that the duty that arose in representing the Trust and the LLC extended to him. No separate duty is claimed. Therefore, we conclude that the trial court did not err in ruling that Donald did not have standing to bring this action for injuries he sustained as a member of the LLC or as a beneficiary of the Trust.

## 2. MOTION TO ALTER OR AMEND

Donald argues the district court erred in denying his motion to alter or amend, because our decision in *Sickler v. Kirby*, 19 Neb. App. 286, 805 N.W.2d 675 (2011), governs the outcome of this case. *Sickler* was released just prior to the court's grant of summary judgment and focuses on the factors set forth in *Perez v. Stern*, 279 Neb. 187, 777 N.W.2d 545 (2010), to determine whether an attorney owes a duty to individual shareholders of a closely held corporation.

[11] In *Perez v. Stern, supra*, the Nebraska Supreme Court set out factors the court is to examine to determine the extent of an attorney's duty, if any, to a third party. These factors include:

> (1) the extent to which the transaction was intended to affect the third party, (2) the foreseeability of harm, (3) the degree of certainty that the third party suffered injury, (4) the closeness of the connection between the attorney's conduct and the injury suffered, (5) the policy of preventing future harm, and (6) whether recognition of liability under the circumstances would impose an undue burden on the profession.

*Id*. at 192-93, 777 N.W.2d at 550-51.

In *Sickler v. Kirby, supra*, we applied these factors to hold that an attorney's duty extended to the two individual shareholders of a closely held corporation. The attorney was hired by the corporation, but we concluded that given the closely held nature of the corporation and the commonality of interests between the corporation and its two shareholders, protection via legal representation of the corporation was, for all intents and purposes, protection of the individual owners. *Id*. Thus, we found the owners were the intended beneficiaries of the attorney's representation, because whatever affected the corporation affected the owners in a direct and substantial way. *Id*.

The present case is distinguishable. First, *Sickler v. Kirby, supra*, involved a husband and wife who were the sole shareholders of a closely held corporation. In such a situation, whatever affects the corporation has a profound effect on

the two shareholders. In the present action, Constance was the sole "founder" of the LLC and the Trust. Changes within these entities will have varying effects on Donald and his 10 siblings. Second, in *Sickler*, communication to the corporation was through only the two shareholders. In the present action, communication was via Constance initially, and then through the trustee and manager, without any contact with the other siblings. Third, unlike *Sickler*, where the corporation and the shareholders joined in the action, Donald brings this action as an individual beneficiary and member, with neither the Trust nor the LLC joining in the action. Fourth, unlike the corporation in *Sickler*, where the two shareholders participated in the preparation of the corporate documents, Donald and his siblings had no role in preparing documentation for the Trust or the LLC. Bahensky was retained solely by Constance, and it was Constance's interests that Bahensky was representing in his drafting of the estate planning documents. The interests of Donald and his siblings were not necessarily aligned with those of Constance, as evidenced by her intent to include special provisions for her farming sons.

Moreover, were we to extend Bahensky's duty to Donald as a member of the LLC or beneficiary of the Trust, that duty would necessarily extend to Donald's siblings as well, creating conflicting loyalties. This is evidenced by Donald's allegations that Bahensky engaged in actions with respect to the estate plan which were to the benefit of three of Donald's siblings and to the detriment of the other members of the LLC and beneficiaries of the Trust. But Bahensky was charged with drafting the documents and carrying out their provisions through representation of Constance, the trustee, regardless of the beneficial or detrimental effect it had on the individual beneficiaries of the Trust or members of the LLC. We therefore find the district court did not err in determining *Sickler v. Kirby*, 19 Neb. App. 286, 805 N.W.2d 675 (2011), did not apply and denying Donald's motion to alter or amend.

### 3. Amended Complaint

Donald asserts the district court erred in requiring him to amend his complaint to allege a derivative action and then

failing to grant a new trial and allow him to produce evidence of damages in accordance with *Sickler v. Kirby, supra*.

The crux of Donald's argument is difficult to discern, but to the extent Donald is arguing that his amended complaint brought his claims within the purview of *Sickler v. Kirby, supra*, we have distinguished *Sickler* above. We find no error in the court's dismissal of his amended complaint.

### 4. Remaining Arguments

[12] Donald also argues evidentiary errors, application of claim preclusion, and the trial court's finding that there was no professional negligence, but did not assign these arguments as errors. In the absence of plain error, an appellate court considers only claimed errors which are both assigned and discussed. *Walz v. Neth*, 17 Neb. App. 891, 773 N.W.2d 387 (2009). Because our resolution on the issue of standing is dispositive of the case, we need not address Donald's remaining arguments for plain error. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (appellate court is not obligated to engage in analysis which is not needed to adjudicate case and controversy before it).

### VI. CONCLUSION

We conclude Donald does not have standing to bring this action. We also find that the relationship between Donald and the LLC and the Trust is distinguishable from the relationship shareholders have with a closely held corporation, because legal representation of Constance did not equal protection for Donald and his siblings. Finally, we conclude the district court did not err in denying Donald a new trial to present evidence as to damages.

Affirmed.