IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MCCRACKEN V. THOMAS JACKSON FAMILY OFFICE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MICHAEL D. MCCRACKEN AND SHARON L. MCCRACKEN, ON BEHALF OF THE MCCRACKEN
CHARITABLE ANNUITY TRUST DATED JANUARY 27, 2000, AND ITS TRUSTEES AND BENEFICIARIES,
AND ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, APPELLANTS,

V.

THOMAS JACKSON FAMILY OFFICE, INC., ET AL., APPELLEES.

Filed February 2, 2016.    No. A-14-1107.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Rodney K. Vincent, of Vincent Law Offices, for appellants.

Robert F. Peterson and Kathleen M. Foster of Laughlin, Peterson & Lang, for the Jackson appellees.

Brian S. Sullivan, pro hac vice, and Damien J. Wright and Larry E. Welch, Jr., of Welch Law Firm, P.C., for the Fifth Third appellees.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Michael D. McCracken and Sharon L. McCracken appeal from the order of the district court for Douglas County which entered summary judgment in favor of the defendants in this action concerning the defendants' alleged actions with respect to a charitable annuity trust set up by the McCrackens. Because we agree with the district court that the McCrackens lacked standing to bring this suit, we affirm.

BACKGROUND

*Parties*.

The McCrackens were the trustors and beneficiaries of the McCracken Trust as described more fully below.

Thomas Clyde Jackson (Jackson) is the sole employee, shareholder, and president of Thomas Jackson Family Office, Inc. (Jackson Office), located in Omaha. Jackson was previously employed by Wells Fargo Bank and UMB Bank, both in Omaha, Nebraska. Jackson Office is a Nebraska corporation registered in Nebraska as an investment advisor. We refer to Jackson and the Jackson Office collectively as "the Jackson appellees."

Fifth Third Bancorp is a diversified financial services holding company located in Ohio. Fifth Third Bank has its principal place of business in Cincinnati, Ohio. Fifth Third Bank is also registered to do business in Nebraska and during some period of time was the trustee of the McCracken Trust. Fifth Third Securities, Inc. provides brokerage and investment advisory services, is a member of FINRA, and is an SEC registered broker/dealer and investment advisor. Fifth Third Securities' principal place of business is in Cincinnati. Fifth Third Asset Management, Inc., also located in Cincinnati, is a subsidiary of Fifth Third Bank and provided investment management services to Fifth Third Bank, when it was the trustee of the McCracken Trust. First Third Bancorp was the holding company of the remaining Fifth Third subsidiaries. We refer to these defendants collectively as "the Fifth Third appellees."

*McCracken Trust*.

On January 27, 2000, the McCrackens entered into a charitable annuity trust (the McCracken Trust) funded with stock valued at approximately $3,000,000. As trustors, the McCrackens reserved a fixed amount distribution to themselves equal to $200,000 each year during their lifetimes with a remainder interest to Children's Hospital Foundation upon the death of the last surviving recipient. At the time the suit was filed, Children's Hospital Foundation was no longer the remainder beneficiary. With respect to the payment of the annuity to the McCrackens, the trust specifically provided:

> In each taxable year of the trust, the Trustee shall pay to [the McCrackens] during their joint lifetimes and to the survivor of them, Amount . . . which is a Fixed Amount . . . equal to $200,000. In no event shall the Fixed Amount be less than five percent of the value of the assets contributed to the trust. . . .

Under article 8 of the McCracken Trust, the investment authority within the trust was granted, without liability, to the sole discretion of the trustee.

Under article 13 of the McCracken Trust, the McCrackens had the right to fill vacancies by appointment when a trustee resigned, but they did not have the right to remove a trustee.

Following its creation, the McCracken Trust has had at least six trustees. The McCrackens designated Wells Fargo Bank (formerly Norwest Bank Nebraska) as the initial trustee. In 2002, Wells Fargo Bank resigned and UMB Bank was appointed as successor trustee. In 2003, following the resignation of UMB Bank as trustee, the McCrackens appointed Fifth Third Bank as trustee.

Fifth Third Bank served as trustee until February 6, 2009, after which, First State Bank was appointed as successor trustee. Five Points Bank was appointed successor trustee on April 5, 2011. On October 16, 2012, the McCrackens entered into an agreement to sell all of their rights and interests in the McCracken Trust to Cord Resources LLC. At that time, Paul Beckner was appointed to be the independent successor trustee. In his deposition, Michael admitted that after this sale, the McCrackens had no further interest in the trust and no rights to distributions from the trust. Prior to the sale to Cord Resources, the McCrackens received the annual distributions of $200,000 from every trustee that managed the trust.

*Pleadings.*

On January 18, 2013, the McCrackens filed a complaint in the district court on behalf of the McCracken Trust, its trustors and beneficiaries, and on behalf of themselves and "All Others Similarly Situated." They filed suit against Jackson, the Jackson Office, Fifth Third Bancorp, Fifth Third Bank, Fifth Third Securities, and Fifth Third Asset Management. They alleged that "the Defendants used their discretionary powers to materially change the investment policy and investment objective of the McCracken Trust to a materially riskier and more aggressive investment policy" without the McCrackens' permission, resulting in a decline in value of the trust's assets. Specifically, with respect to this decline, the McCrackens alleged that the value of the trust assets was approximately $2,394,800 by the end of June 2007 and only $1,397,818.45 by late February 2009.

In their 30-page complaint, the McCrackens' set forth 11 theories of recovery. Specifically, they alleged theories of breach of trust, breach of contract, various failures of defendants to supervise other defendants, breach of fiduciary duty, negligence, violation of the anti-fraud provisions of the securities laws of Nebraska, and common law fraud. They requested damages of $3,403,250 "for losses and damages experienced by the Plaintiffs in their accounts and through the withdrawals" of the trust, together with prejudgment interest, costs, attorney fees, and other just and equitable relief.

In the appellees' respective answers, they asserted, among other things, that the McCrackens lacked standing to bring their complaint.

*Summary Judgment.*

The Jackson appellees and the Fifth Third appellees filed motions for summary judgment on April 14 and May 14, 2014, respectively.

On June 26, 2014, the McCrackens filed a motion to continue the summary judgment hearing which had been scheduled for July 14. They alleged that they needed additional time to complete the discovery necessary to respond to the motions for summary judgment. Specifically, they alleged that they were still in the process of scheduling deposition dates for eight employees of the Fifth Third appellees and that the memorandum served by the Fifth Third appellees on June 23 in support of its motion for summary judgment raised numerous factual issues and legal issues which required additional discovery before the McCrackens could respond. The record on appeal does not contain an explicit ruling on the motion for continuance, but the parties agree that the

motion was denied and the record shows that the summary judgment hearing proceeded on July 14 as scheduled.

On July 14, 2014, the district court heard the appellees' motions for summary judgment. The court received numerous exhibits into evidence, including depositions of both McCrackens, the deposition of Jackson, various discovery requests and responses, a copy of the McCracken Trust document, documentation of the sale to Cord Resources, a 3-volume exhibit containing all of the exhibits to the depositions, and an affidavit from Michael. When the McCrackens offered exhibit 26, Michael's affidavit, the Jackson appellees made a hearsay objection to paragraphs 36 and 37 of the affidavit. The Fifth Third appellees made the "same objection" but also objected to the entire affidavit on the basis that it "contradict[ed] or change[d] the sworn deposition testimony of [Michael]." The court took the objections under advisement.

On September 23, 2014, the district court entered an order granting the motions for summary judgment. The court sustained Fifth Third's objection to exhibit 26, "as to those portions of Exhibit 26 which directly conflict with Plaintiffs' prior sworn testimony." In granting the motions for summary judgment, the court found that the McCrackens lacked standing to pursue their claims on behalf of the McCracken Trust because they had not met their burden of showing that the current trustee, Beckner, could not or would not pursue the claims on behalf of the trust. The court also found the McCrackens lacked standing to pursue their claims as beneficiaries because they were no longer beneficiaries of the trust at the time their complaint was filed. The court stated further:

> Moreover, even if [the McCrackens] were still beneficiaries to the McCracken Trust, they cannot couch their claims as being on their own behalf because, up until the time of sale, [the McCrackens] received the annual $200,000.00 distributions from every Trustee that managed the McCracken Trust without fail. As a result, any claims they attempt to assert on their own behalf are actually based on alleged damages to the McCracken Trust and therefore had to have been brought by the current Trustee.

Finally, the court found that the McCrackens lacked standing to pursue their claims on behalf of the charitable remainder beneficiary, Children's Hospital Foundation, as that entity was no longer the charitable remainder beneficiary at the time the McCrackens' filed their complaint. The court granted the motions for summary judgment and dismissed the complaint with prejudice.

*Postjudgment Proceedings*.

On October 3, 2014, the McCrackens filed a motion to alter or amend the judgment. They alleged that the court's September 2014 order failed to recognize that they had sued as individuals for, among other things, breach of contract between them and both the Jackson appellees and the Fifth Third appellees as well as for common law fraud. They also alleged that "newly found evidence" would demonstrate that after the summary judgment hearing, they attempted to get the current trustee, Beckner, to join in the lawsuit, but that he declined to do so. On November 14, the district court denied the motion, and the McCrackens subsequently perfected their appeal to this court.

ASSIGNMENTS OF ERROR

The McCrackens assert, reordered, that the district court erred in (1) granting the appellees' motions for summary judgment, (2) failing to decide or rule on whether the McCrackens had standing to pursue their claims on their own behalf, (3) denying their motion for continuance, and (4) sustaining Fifth Third's objection to exhibit 26.

STANDARD OF REVIEW

Standing is a jurisdictional component of a party's case; only a party who has standing may invoke the jurisdiction of a court. *Johnson v. Nelson*, 290 Neb. 703, 704, 861 N.W.2d 705, 708 (2015). A question of jurisdiction is a question of law. *Cain v. Custer County Bd. of Equalization*, 291 Neb. 730, 868 N.W.2d 334 (2015). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Facilities Cost v. Otoe County School*, 291 Neb. 642, 868 N.W.2d 67 (2015).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Roskop Dairy v. GEA Farm Tech.*, 292 Neb. 148, 871 N.W.2d 776 (2015).

ANALYSIS

*Standing*.

The McCrackens assert that the district court erred in granting the appellees' motions for summary judgment and failing to decide or rule on whether the McCrackens had standing to pursue their claims on their own behalf.

Standing relates to a court's power, that is, jurisdiction, to address issues presented and serves to identify those disputes that are appropriately resolved through the judicial process. *Involuntary Dissolution of Wiles Bros.*, 285 Neb. 920, 830 N.W.2d 474 (2013). Under the doctrine of standing, a court may decline to determine the merits of a legal claim because the party advancing it is not properly situated to be entitled to its judicial determination. *Id.* With respect to standing, the focus is on the party, not the claim itself. *Id.* Standing requires that a litigant have a personal stake in the outcome of a controversy that warrants invocation of a court's jurisdiction and justifies exercise of the court's remedial powers on the litigant's behalf. *Id.* To have standing, a litigant must assert the litigant's own rights and interests. *Id.*

The district court first determined that the McCrackens did not have standing to pursue their claims on behalf of the McCracken Trust. The McCrackens do not appear to challenge this finding. Generally, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. *Back Acres Pure Trust v. Fahnlander*, 233 Neb. 28, 443 N.W.2d 604 (1989). Beneficiaries of a trust may generally enforce a cause of action that the trustee has against a third party only if the trustee cannot or will not do so. *Klingelhoefer v. Parker, Grossart, Bahensky & Beucke, L.L.P.*, 20 Neb. App. 825, 834 N.W.2d 249 (2013). At the time of the summary judgment hearing, the McCrackens had not had any contact with Beckner, the then current trustee, to show that he could not or would not pursue the theories of recovery asserted by

the McCrackens on the trust's behalf. Although they proffered "newly discovered evidence" in connection with their motion to alter or amend judgment--an email stating that Beckner had "elected not to be involved in this matter"--the record conclusively shows that by the time they filed their complaint, the McCrackens were no longer beneficiaries of the trust and thus were unable to enforce a cause of action on behalf of the trustee. The court did not err in finding that the McCrackens did not have standing to pursue the claims alleged on behalf of the trust or in granting summary judgment with respect to those claims.

The district court similarly found that the McCrackens did not have standing to pursue their claims on behalf of Children's Hospital Foundation as it was no longer the charitable remainder beneficiary at the time they filed their complaint. The McCrackens do not challenge this finding and we conclude that the district court did not err in granting summary judgment in this regard.

The district court also determined that the McCrackens did not have standing to pursue their claims as beneficiaries based on the sale of all of their rights and interests in the trust to Cord Resources prior to the filing of the complaint. The McCrackens do not argue in this appeal that they were entitled to pursue their claims as beneficiaries; rather, they argue that the court failed to determine whether they had standing to pursue their claims on their own behalf. While they reference the other claims--breach of fiduciary duty, negligence, and violation of the Nebraska Securities Act--they specifically assert that they had standing to bring their claims for breach of contract and common law fraud.

Clearly, the McCrackens would have standing to bring causes of action to recover damages incurred by them personally resulting from the breach of any contracts to which they were parties or resulting from fraud against them, but in this case, they have not alleged any such personal damages. Despite their assertions to the contrary, the district court did in fact rule on this issue. The court determined that the McCrackens received the annual $200,000 distributions from every trustee that managed the trust up until the time of the sale to Cord Resources. The court found that "any claims they attempt to assert on their own behalf are actually based on the alleged damages to the McCracken Trust and therefore had to have been brought by the current Trustee." The McCrackens also specifically raised this issue in the motion to alter or amend, which motion was denied by the court.

We agree with the district court's assessment of theories of recovery alleged to have been brought on the McCrackens' own behalf. A careful review of the McCrackens' voluminous complaint shows that in stating their claims for breach of contract, breach of fiduciary duty, negligence, common law fraud, and fraud under the Nebraska Securities Act, they did not allege damages suffered by them individually, but rather, as with all their theories of recovery, they sought recovery for the alleged damage to the value of the trust assets.

In finding that the McCrackens lacked standing to bring any of their claims, the district court cited *Klingelhoefer v. Parker, Grossart, Bahensky & Beucke, L.L.P.*, 20 Neb. App. 825, 834 N.W.2d 249 (2013). In that case, a member of a limited liability company (LLC) formed by his late mother and who was also a beneficiary of trust established by the mother filed a legal malpractice action against the law firm that had helped the mother form the LLC and create the trust. The mother had transferred her real property into the LLC and gave interests in the LLC to her children. She transferred her personal property into the trust. This court concluded that the

plaintiff did not have standing to sue either as a member of the LLC or a beneficiary of the trust. We first noted that beneficiaries of a trust may generally enforce a cause of action that the trustee has against a third party only if the trustee cannot or will not do so. *Id.* We noted further that as a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. *Id.* This court observed, however, that if a shareholder can establish an individual cause of action because the harm to the corporation also damaged the shareholder in his or her individual capacity, then the individual can pursue his or her claims. *Id.* In order to establish an individual harm, the shareholder must allege a separate and distinct injury or a special duty owed by the party to the individual shareholder. *Id.* Even if a shareholder establishes that there was a special duty, he or she may only recover for damages suffered in his or her individual capacity, and not injuries common to other shareholders. *Id.* The plaintiff in that case did not allege any injury or damages he sustained separate and distinct from the harm allegedly suffered by other members of the LLC and beneficiaries of the trust. The plaintiff had not claimed that the law firm owed him a special duty. Accordingly, we affirmed the trial court's ruling that the plaintiff did not have standing to bring his action for injuries he allegedly sustained as a member of the LLC or as a beneficiary of the trust.

In this case, the McCrackens sold their interest in the trust prior to bringing suit. They have not alleged any damages suffered in their individual capacities separate and distinct from the harm allegedly suffered by the trust. Summary judgment is proper if the pleadings and admissible evidence offered show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Adams v. Manchester Park*, 291 Neb. 978, 871 N.W.2d 215 (2015). The district court did not err in granting the motions for summary judgment on the basis that the McCrackens lacked standing to pursue their complaint.

*Additional Assignments of Error.*

The McCrackens assert that the district court erred in denying their motion for continuance and that the court erred in sustaining Fifth Third's objection to exhibit 26. Given our resolution of the standing issue, we need not address their remaining assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Cain v. Custer County Bd. of Equalization*, 291 Neb. 730, 868 N.W.2d 334 (2015).

CONCLUSION

The district court did not err in granting summary judgment in favor of the appellees on the basis that the McCrackens lacked standing to pursue their complaint.

AFFIRMED.