ELAINE HOCKENBERGER ET AL., APPELLANTS, V. WILLIAM A. CURRY, ALSO KNOWN AS W. A. CURRY, ET AL., APPELLEES.
215 N. W. 2d 627

Filed February 28, 1974.    No. 39219.

White, Lipp, Simon & Powers and Melvin R. Katskee, for appellants.

Monen, Seidler, McGill & Festerson, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and HASTINGS, District Judge.

NEWTON, J.

This is an action by minority stockholders to compel dissolution of a corporation. The District Court refused to decree dissolution. We affirm that judgment.

Plaintiffs, the minority stockholders, assert oppression by the majority. The parent corporation is engaged in the abstracting, real estate, and insurance businesses under the name Becher, Hockenberger & Chambers. It was the owner of all the stock of Community Housing, Inc., a subsidiary, which held a 50 percent interest in a partnership called Al-Fa Meal. The stock of Community Housing, Inc., the organization here in question, was spun-off in 1965 to the shareholders of the parent corporation. Community Housing, Inc., then qualified as a Sub-Chapter S corporation for federal income tax purposes. At the same time its bylaws were amended to remove the requirement that the directors be stockholders or that the officers be directors or stockholders; to reduce directors from four to three; and transferred exclusive power to amend the bylaws from the stockholders to the directors. Thereafter the majority stockholders assumed full control of Community Housing, Inc., and W. A. Curry became president.

Plaintiffs contend that they no longer have a voice in corporate affairs; that in 1968 the directors retroactively awarded the president $3,600 which was above the fixed compensation of $2,100; that a similar sum was awarded in 1969 and for 1971 and 1972 increased to $9,600; that the Al-Fa Meal business was sold; that there has been a failure to pay dividends; and that as minority stockholders the value of their stock has been unduly depressed by the hostility of the majority and a disregard of minority interests.

The trial court found that there had not been any misappropriation or misapplication of corporate funds; that since the parent corporation became deadlocked, there was no obligation to disburse as dividends 75 percent of net profits; and that the dividend policy for the years 1970, 1971, and 1972 does not evidence an abuse of discretion. The court retained jurisdiction to review future dividends upon request.

The record sustains the findings of the trial court. It appears that plaintiffs have not, in recent years, co-operated in the best interests of the corporation, have opposed its business expansion, created competition, and removed from its control one item of remunerative business. There has not been any misappropriation of funds or wrongful payment of salaries or bonuses. The sale of the Al-Fa Meal business was advantageous in that the equal partner insisted on a sale and there was a serious prospect of losing or having to move its principal plant. In compliance with a stockholders' agreement, the necessity of paying out 75 percent of earnings in dividends was dispensed with and reasonable dividends have been declared and distributed reasonably consistently. The business appears to be a well-operated and growing one. To insure fair treatment of the minority stockholders, the court has retained jurisdiction to review the earnings-dividend record of the corporation as may be requested from time to time.

Section 21-2096, R. R. S. 1943, provides: "The district courts shall have full power to liquidate the assets and business of a corporation: (1) In an action by a shareholder when it is established: * * *

"(b) That the acts of the directors or those in control of the corporation are illegal, *oppressive* or fraudulent; * * *." (Emphasis supplied.)

We agree with the following statement found in Polikoff v. Dole & Clark Bldg. Corp., 37 Ill. App. 2d 29, 184 N. E. 2d 792: "The Business Corporation Act has given to the courts the power to relieve minority shareholders from oppressive acts of the majority, but the remedy of liquidation is so drastic that it must be invoked with extreme caution. The ends of justice would not be served by too broad an application of the statute, for that would merely eliminate one evil by substituting a greater one—oppression of the majority by the minority."

We find plaintiffs have failed to sustain their burden of proof or to establish a wrongful oppression of minority stockholders. As a consequence, their plea for dissolution of the corporation must be rejected.

The judgment of the District Court is affirmed.

AFFIRMED.