In re Involuntary Dissolution of Wiles Bros., Inc.,
a Nebraska corporation.
Bruce E. Wiles and Annette Wiles, husband
and wife, appellants, v. Wiles Bros., Inc.,
a Nebraska corporation, and
Marvin C. Wiles, appellees.

___ N.W.2d ___

Filed May 17, 2013.    No. S-12-769.

1.  **Standing: Jurisdiction.** The defect of standing is a defect of subject matter jurisdiction.
2.  **Motions to Dismiss: Jurisdiction: Rules of the Supreme Court: Appeal and Error.** Aside from factual findings, which are reviewed for clear error, the granting of a motion to dismiss for lack of subject matter jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(1) is subject to de novo review.
3.  **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
4.  **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.
5.  **Trial: Evidence: Appeal and Error.** A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion.
6.  **Standing: Jurisdiction.** Standing relates to a court's power, that is, jurisdiction, to address issues presented and serves to identify those disputes that are appropriately resolved through the judicial process.
7.  **Standing.** Under the doctrine of standing, a court may decline to determine the merits of a legal claim because the party advancing it is not properly situated to be entitled to its judicial determination.
8.  ____. With respect to standing, the focus is on the party, not the claim itself.
9.  **Standing: Jurisdiction.** Standing requires that a litigant have a personal stake in the outcome of a controversy that warrants invocation of a court's jurisdiction and justifies exercise of the court's remedial powers on the litigant's behalf.
10. **Standing.** To have standing, a litigant must assert the litigant's own rights and interests.
11. **Corporations: Statutes.** The statutory remedy of dissolution and liquidation is so drastic that it must be invoked with extreme caution.
12. ____: ____. Corporations are creatures of statute, and they may be dissolved only according to statute.
13. **Statutes: Legislature: Public Policy.** It is the Legislature's function through the enactment of statutes to declare what is the law and public policy.
14. **Statutes: Legislature: Presumptions.** The Legislature is presumed to know the general condition surrounding the subject matter of the legislative enactment, and

it is presumed to know and contemplate the legal effect that accompanies the language it employs to make effective the legislation.

Appeal from the District Court for Cass County: Daniel E. Bryan, Jr., Judge. Affirmed.

David A. Domina and Jason B. Bottlinger, of Domina Law Group, P.C., L.L.O., for appellants.

Brian J. Brislen, Daniel J. Waters, and Gage R. Cobb, of Lamson, Dugan & Murray, L.L.P., for appellee Wiles Bros., Inc.

Michael B. Lustgarten and Britt Carlson, Senior Certified Law Student, of Lustgarten & Roberts, P.C., L.L.O., for appellee Marvin C. Wiles.

Heavican, C.J., Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Husband and wife, Bruce E. Wiles and Annette Wiles, the appellants, filed a complaint in the district court for Cass County against Wiles Bros., Inc. (WBI), and Bruce's brother Marvin C. Wiles, the appellees, seeking the judicial dissolution of WBI. Bruce and Annette founded their complaint on Neb. Rev. Stat. § 21-20,162(2)(a) (Reissue 2012), which authorizes a shareholder to bring a proceeding to dissolve a corporation. The district court concluded that Bruce was not a shareholder of WBI and that Bruce and Annette lacked standing to seek the judicial dissolution of WBI. The district court granted WBI's and Marvin's motions to dismiss the complaint. Bruce and Annette appeal. Given the undisputed facts, we determine that for purposes of dissolution of a corporation, Bruce is not a statutory shareholder who can bring an action for judicial dissolution. In addition, given the controlling facts, the district court did not abuse its discretion when it did not receive certain exhibits into evidence. Accordingly, we affirm the order of the district court which dismissed the complaint.

## STATEMENT OF FACTS

Formed in 1978, WBI is a Nebraska corporation that conducts farming operations. Bruce, Marvin, their brother Glenn Wiles, and their father were the directors of WBI at all relevant times. Bruce, Marvin, and Glenn were also the officers of WBI at all relevant times. Prior to 1999, Bruce, Marvin, Glenn, and other members of the Wiles family owned shares of WBI stock.

In 1999, the shareholders of WBI formed Wiles Enterprises, Ltd. (WE), a Nebraska limited partnership. Bruce, Marvin, Glenn, and their father became the general partners of WE. The WBI shareholders transferred their ownership of WBI stock to WE, and WE was named as the sole registered shareholder of all WBI stock. With regard to the potential existence of other shareholders, there is no nominee certificate on file with WBI.

On February 17, 2012, Bruce and Annette filed a complaint against WBI and Marvin for the judicial dissolution of WBI. Bruce and Annette relied on § 21-20,162(2)(a), which authorizes a shareholder to bring a proceeding to dissolve a corporation. Bruce and Annette alleged that WBI's assets were being misapplied or wasted and that a majority of the directors of WBI acted, were acting, or would act in a manner that is illegal, oppressive, or fraudulent. They further alleged that Bruce was a shareholder of WBI and that Annette had an inchoate interest in Bruce's shares and was joined for that reason alone.

WBI and Marvin each moved to dismiss the complaint, citing to Neb. Ct. R. Pldg. § 6-1112(b)(6) (Rule 12(b)(6)) (failure to state claim). WBI and Marvin asserted that Bruce was not a shareholder of WBI and therefore lacked standing to seek the judicial dissolution of WBI. Because a defect in standing is a defect in subject matter jurisdiction, the district court treated the motion as a motion to dismiss for lack of subject matter jurisdiction brought under Neb. Ct. R. Pldg. § 6-1112(b)(1) (Rule 12(b)(1)) (lack of subject matter jurisdiction), for which receipt of evidence pertaining to the motion is permitted. See *Citizens Opposing Indus. Livestock v. Jefferson Cty.*, 274 Neb. 386, 740 N.W.2d 362 (2007) (stating that

evidentiary hearing is permitted where Rule 12(b)(1) motion raises factual challenge).

A hearing was held on the motions to dismiss. At the hearing, WBI offered one exhibit, which was the affidavit of WBI's attorney. The exhibit was received without objection. Marvin did not submit any further evidence on his motion to dismiss. Bruce and Annette offered 26 exhibits. The district court reserved ruling on these exhibits subject to WBI's written objections, which were to be submitted to the court after the hearing. Bruce and Annette's exhibits generally included affidavits, interrogatory answers, responses to requests for admissions, and business records.

In a subsequent order, the district court entered rulings regarding Bruce and Annette's submitted exhibits. The district court received 5 exhibits and excluded 21 exhibits. Some of the excluded exhibits were WBI's and Marvin's interrogatory answers and responses to requests for admissions and WBI's and WE's federal tax returns.

In its order filed July 30, 2012, the district court determined that Bruce and Annette lacked standing to bring the action and granted the motions to dismiss the complaint. In its decision, the district court stated that in order for Bruce and Annette to bring an action for involuntary judicial dissolution of WBI pursuant to § 21-20,162(2)(a), Bruce must be a shareholder of WBI. The district court noted that Neb. Rev. Stat. § 21-2014(21) (Reissue 2012) defines "shareholder" as the "person in whose name shares are registered in the records of a corporation or the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with a corporation."

The district court stated that the undisputed evidence was that all the shares of WBI were registered in the name of WE and that none of the shares were registered in the name of Bruce or Annette. The district court noted that there was no evidence submitted that a nominee certificate was on file with WBI; on appeal, the parties agree that there is no nominee certificate on file. Although Bruce and Annette did not meet the statutory definition of a shareholder entitled to seek judicial dissolution, the district court nevertheless considered

whether Bruce and Annette were beneficial owners of shares of WBI under some equitable principle which would accord them standing.

Bruce and Annette generally contended that the district court should adopt a "substance over form" approach. Bruce and Annette urged the district court to determine that WE is a shell used only for estate purposes and that the original owners of the WBI stock who transferred the stock into WE are the "beneficial owners" of WBI shares, notwithstanding the fact that there is no nominee certificate on file with WBI. The district court determined that in order for it to find that Bruce and Annette had standing, it "would have to ignore the strict clear language *of* [§] *21-20,162* and [§] *21-2014(21)*." The district court rejected Bruce and Annette's argument and determined that Bruce and Annette were not beneficial owners of WBI stock for purposes of these statutes and that thus, Bruce and Annette did not have standing to seek a judicial dissolution. The district court granted WBI's and Marvin's motions to dismiss.

Bruce and Annette appeal.

## ASSIGNMENTS OF ERROR

Bruce and Annette generally claim that the district court erred when it determined that they lacked standing and dismissed the complaint. They specifically claim that the district court erred when it (1) declined to ignore the statutory definition of shareholder in § 21-2014(21) and (2) refused to receive evidence consisting of interrogatory answers and responses to requests for admission of WBI and Marvin (exhibits 19, 20, 22, and 23) and WBI's and WE's federal tax returns (exhibits 24, 25, 26, and 27).

## STANDARDS OF REVIEW

[1,2] The defect of standing is a defect of subject matter jurisdiction. *State ex rel. Reed v. State*, 278 Neb. 564, 773 N.W.2d 349 (2009). Aside from factual findings, which are reviewed for clear error, the granting of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is subject to de novo review. *Id.*

[3] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *United States Cold Storage v. City of La Vista, ante* p. 579, ___ N.W.2d ___ (2013).

[4,5] In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *American Central City v. Joint Antelope Valley Auth.*, 281 Neb. 742, 807 N.W.2d 170 (2011). A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion. *Conley v. Brazer*, 278 Neb. 508, 772 N.W.2d 545 (2009).

## ANALYSIS

Bruce and Annette claim that the district court erred when it concluded that they lacked standing to bring this action to judicially dissolve WBI and granted the motions to dismiss filed by WBI and Marvin. The court based its ruling on its correct understanding that the motions were based on Rule 12(b)(1), lack of subject matter jurisdiction. We conclude that the district court did not err when it determined that Bruce and Annette do not have standing because Bruce is not a shareholder under the statutory definition, and thus cannot bring an action for judicial dissolution based on § 21-20,162(2)(a).

[6-10] Standing relates to a court's power, that is, jurisdiction, to address issues presented and serves to identify those disputes that are appropriately resolved through the judicial process. *Butler Cty. Sch. Dist. v. Freeholder Petitioners*, 283 Neb. 903, 814 N.W.2d 724 (2012). Under the doctrine of standing, a court may decline to determine the merits of a legal claim because the party advancing it is not properly situated to be entitled to its judicial determination. *Latham v. Schwerdtfeger*, 282 Neb. 121, 802 N.W.2d 66 (2011). The focus is on the party, not the claim itself. *Id*. Standing requires that a litigant have a personal stake in the outcome of a controversy that warrants invocation of a court's jurisdiction and justifies exercise of the court's remedial powers on the litigant's

behalf. *Butler Cty. Sch. Dist. v. Freeholder Petitioners, supra*; *Latham v. Schwerdtfeger, supra*. To have standing, a litigant must assert the litigant's own rights and interests. *Id*. A defect of standing is a defect of subject matter jurisdiction. *State ex rel. Reed v. State, supra*.

This case is governed by the Business Corporation Act, Neb. Rev. Stat. § 21-2001 et seq. (Reissue 2012). Under § 21-20,162(2)(a) of the Business Corporation Act, a shareholder as defined in § 21-2014(21) has standing to bring a proceeding for the judicial dissolution of a corporation. Section 21-20,162(2)(a) provides that the court may dissolve a corporation

> [i]n a proceeding by a shareholder if it is established that:
>
> (i) The directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock, and irreparable injury to the corporation is threatened or being suffered or the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally because of the deadlock;
>
> (ii) The directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent;
>
> (iii) The shareholders are deadlocked in voting power and have failed, for a period that includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired; or
>
> (iv) The corporate assets are being misapplied or wasted.

To proceed under § 21-20,162(2)(a), the plaintiff must be a "shareholder." Indeed, we have noted that in a judicial dissolution proceeding pursuant to § 21-20,162, "the court's jurisdiction to dissolve the corporation is premised upon the petitioner's being a shareholder of the corporation." *Baye v. Airlite Plastics Co*., 260 Neb. 385, 393, 618 N.W.2d 145, 152 (2000). For purposes of the Business Corporation Act, § 21-2014 defines terms including "shareholder." For the purposes of the act, unless otherwise specified, a shareholder is

defined in § 21-2014(21) as the "person in whose name shares are registered in the records of a corporation or the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with a corporation." We apply the statutory definition of "shareholder" found in § 21-2014(21) to this case brought as a proceeding for judicial dissolution.

[11,12] It has been widely observed that courts are reluctant to apply the drastic remedy of statutory dissolution, especially in proceedings by a shareholder. 16A William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations § 8080 (perm. ed., rev. vol. 2012). In Nebraska, we have previously noted that the statutory remedy of dissolution and liquidation is so drastic that it must be invoked with extreme caution. See, *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742 (2001); *Hockenberger v. Curry*, 191 Neb. 404, 215 N.W.2d 627 (1974). See, also, 16A Fletcher, *supra*, § 8035 at 94 (stating "judicial dissolution of a corporation is viewed by the courts as an extreme remedy that should be granted with great caution and only when the facts of the case clearly warrant it"). We have also stated that corporations are creatures of statute, and they may be dissolved only according to statute. *Floral Lawns Memorial Gardens Assn. v. Becker*, 284 Neb. 532, 822 N.W.2d 692 (2012). Given the foregoing principles, statutory provisions for judicial dissolution of corporations are strictly construed. See 16A Fletcher, *supra*, § 8035.

To pursue the remedy of judicial dissolution of the corporation under § 21-20,162(2)(a), Bruce must strictly fit the statutory definition of a "shareholder" as defined in § 21-2014(21). It is undisputed that Bruce and Annette are not shareholders of record. It is also undisputed that there is no nominee certificate on file with WBI. Given these undisputed facts, Bruce does not meet the definition of a shareholder under § 21-2014(21), and therefore Bruce and Annette lack standing under § 21-20,162(2)(a) to bring an action for the judicial dissolution of WBI.

Bruce and Annette acknowledge that WE is the registered shareholder of all the shares of WBI and that there is no nominee certificate on file which might reflect beneficial

ownership. Notwithstanding these facts, Bruce and Annette bring to our attention the fact that § 21-2014(21) accords shareholder status to the "beneficial owners" of corporate shares, and they assert that under equitable principles, they should be allowed to proceed with their action for judicial dissolution because Bruce is a beneficial owner of shares of WBI. They contend that WE is a shell organization used only for estate purposes and that because Bruce and the other original owners of the shares of WBI transferred their shares into WE, they are the beneficial owners of the shares as contemplated under § 21-2014(21).

We reject Bruce and Annette's equitable argument that Bruce is a beneficial owner of shares of WBI under § 21-2014(21). To the contrary, under this provision, an individual claiming to be a "shareholder" is a beneficial shareholder only "to the extent of the rights granted by a nominee certificate on file with a corporation." Because there is no nominee certificate on file with WBI, Bruce is not a beneficial shareholder under the plain language of § 21-2014(21).

[13,14] As we consider the definition of shareholder, we note that it is the Legislature's function through the enactment of statutes to declare what is the law and public policy. *State ex rel. Wagner v. Gilbane Bldg. Co.*, 276 Neb. 686, 757 N.W.2d 194 (2008). We have observed that the "Legislature is presumed to know the general condition surrounding the subject matter of the legislative enactment, and it is presumed to know and contemplate the legal effect that accompanies the language it employs to make effective the legislation." *Id.* at 694, 757 N.W.2d at 201-02. In this instance, the inclusion of the phrase "to the extent of the rights granted by a nominee certificate on file with a corporation" in § 21-2014(21) indicates that the Legislature granted standing to "shareholders" who were not merely "beneficial owners," but only such beneficial owners as are reflected in the books and records of the corporation by virtue of a nominee certificate on file. Because Bruce is not a shareholder under § 21-2014(21), the district court did not err when it determined that Bruce and Annette lacked standing to bring this action under § 21-20,162(2)(a) for the judicial dissolution of WBI.

We note for completeness that in certain contexts, the Business Corporation Act provides for different definitions of the term "shareholder." See Neb. Rev. Stat. § 21-2070(2) (Reissue 2012) (defining shareholder for purpose of derivative proceedings). See, also, Neb. Rev. Stat. § 21-20,183 (Reissue 2012) (defining shareholder for purpose of inspecting corporate records by shareholders). In these contexts, the specifically provided definition of "shareholder" applies rather than the generally applied statutory definition found in § 21-2014(21). We make no comment whether Bruce and Annette qualify as "shareholders" in these or other contexts. In the instant case, as we have determined, the statutory definition of a shareholder found at § 21-2014(21) applies to this action for judicial dissolution brought by those individuals claiming to be shareholders.

In their second assignment of error, Bruce and Annette claim that the district court erred when it did not receive into evidence WBI's and Marvin's interrogatory answers and responses to requests for admission (exhibits 19, 20, 22, and 23) and WBI's and WE's federal tax returns (exhibits 24, 25, 26, and 27). Bruce and Annette assert such evidence is relevant to support their arguments, inter alia, that WE is an inactive entity and that Bruce is actually a beneficial owner of shares of WBI.

A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion. *Conley v. Brazer*, 278 Neb. 508, 772 N.W.2d 545 (2009). Neb. Evid. R. 402, Neb. Rev. Stat. § 27-402 (Reissue 2008), provides that "[a]ll relevant evidence is admissible" and that "[e]vidence which is not relevant is not admissible." Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 2008), provides that "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In this case, the fact that is of consequence is whether Bruce qualifies as a shareholder under the definition provided for

in § 21-2014(21). For evidence to be relevant to the standing issue in this case, the evidence must show whether shares of WBI were registered in Bruce's name or whether Bruce was a beneficial owner of shares to the extent of rights granted by a nominee certificate on file with WBI. The exhibits at issue do not contain information regarding these facts. Thus, we determine that the district court did not abuse its discretion when it did not receive these exhibits into evidence.

## CONCLUSION

The district court did not err when it determined that Bruce and Annette lacked standing to bring this action for the judicial dissolution of WBI. The district court did not abuse its discretion when it did not admit exhibits 19, 20, and 22 through 27 into evidence. Accordingly, we affirm the order of the district court which dismissed the complaint.

AFFIRMED.

McCORMACK, J., participating on briefs.
WRIGHT, J., not participating.

––––––––––––––––

CYNTHIA RAE CANIGLIA, APPELLANT, V.
JASON ARTHUR CANIGLIA, APPELLEE.
___ N.W.2d ___

Filed May 17, 2013.    No. S-12-794.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
2. **Modification of Decree: Appeal and Error.** Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court.
3. **Parent and Child: Child Support.** Support of one's children is a fundamental obligation which takes precedence over almost everything else.
4. **Statutes.** Absent a statutory indication to the contrary, words in a statute will be given their ordinary meaning.
5. **Modification of Decree: Minors.** A decree in a divorce case, insofar as minor children are concerned, is never final in the sense that it cannot be changed.
6. **Statutes.** Statutes relating to the same subject, although enacted at different times, are in pari materia and should be construed together.