Skyline Manor, Inc., a Nebraska nonprofit corporation,
by and through the following member of the board
of directors: Emerson Link, as director and
on behalf of the corporation, appellant, v.
Robert L. Rynard, Sr., et al., as members
of the board of directors of Skyline
Manor, Inc., appellees.
___ N.W.2d ___

Filed July 18, 2014.    No. S-13-875.

1. **Standing: Jurisdiction.** The defect of standing is a defect of subject matter jurisdiction.
2. **Motions to Dismiss: Jurisdiction: Rules of the Supreme Court: Appeal and Error.** Aside from factual findings, which are reviewed for clear error, the granting of a motion to dismiss for lack of subject matter jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(1) is subject to de novo review.
3. **Corporations.** A corporation's articles of incorporation and bylaws, together with State corporation law, regulate the manner in which a company's officials and directors must conduct the company's business.
4. ____. Unless waived, and until repealed, the bylaws of a corporation are the continuing rule for its government and affairs.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Reversed and remanded for further proceedings.

Keith I. Kosaki, Jeff C. Miller, and Duncan A. Young, of Young & White Law Offices, for appellant.

William F. Hargens and Ruth A. Horvatich, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.
The district court for Douglas County determined that Emerson Link lacked standing to bring this derivative action on behalf of Skyline Manor, Inc. (Skyline), a Nebraska nonprofit corporation without members, and dismissed the action for lack of subject matter jurisdiction. We reverse, and remand for further proceedings.

## FACTS

Skyline's mission is to provide housing, retirement, and nursing facilities for elderly persons in the Omaha, Nebraska, metropolitan area. As part of its mission, Skyline owns and operates the Skyline Retirement Community (SRC) in Omaha. SRC offers independent living, assisted living, rehabilitation services, and hospice care. Approximately 280 elderly persons reside at SRC.

Skyline's articles of incorporation provide that its management is vested in a board of directors. The articles further provide:

> The number of directors shall be as set forth in the Bylaws, consisting of not less than five directors. No less than one director shall be a resident of [SRC] and shall be democratically elected by the residents of [SRC] in accordance with the terms of the bylaws and applicable law.

Skyline's bylaws provide:

> Pursuant to Neb. Rev. Stat. §76-1313, one [resident] Director shall be elected annually by the residents of [SRC], pursuant to an election conducted by the residents, according to rules adopted by the residents in open session. A [resident] Director elected by the residents of [SRC] shall begin serving immediately after the annual election.

The bylaws further provide: "Each Resident Director shall serve for a term of one year, and shall continue to serve until a new Resident Director is elected by the residents of [SRC]." According to the bylaws, a resident director may be elected to more than one term and may be removed "only for cause and only upon the affirmative vote of a majority of the residents of [SRC] at a specially called election."

Link was elected as the resident director on December 19, 2011. Link participated in the annual meeting of the Skyline board of directors on March 29, 2012, at which he was welcomed as the new resident director. He also attended and participated in a board meeting on February 7, 2013. On that date, he filed a derivative action on behalf of Skyline. The complaint alleged that five of Skyline's directors—Robert

L. Rynard, Sr.; Rebecca J. Bartle; David L. Richey; Paige A. Harvey; and Dana Wadman-Huth (collectively the directors)—had engaged in financial mismanagement and sought an equitable accounting and injunctive relief. Link claimed standing to bring the action based on his capacity as the resident director.[1]

The directors entered a voluntary appearance and moved to dismiss the complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1). The directors claimed that the district court lacked subject matter jurisdiction, because Link was not a duly elected director of Skyline and, therefore, lacked standing to bring the derivative action. Following a hearing at which the court received documentary evidence offered by both sides,[2] the district court dismissed the complaint with prejudice. It reasoned that because at the time Link was elected as the resident director, Skyline was not operating SRC as a retirement community as that term is defined under Neb. Rev. Stat. §§ 76-1301 to 76-1315 (Reissue 2009), Link's election "pursuant to Neb. Rev. Stat. [§] 76-1313 was null and void." Link filed a timely appeal, which we moved to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[3]

## ASSIGNMENT OF ERROR

Link assigns, restated and summarized, that the district court erred in finding he lacked standing to bring the derivative action.

## STANDARD OF REVIEW

[1,2] The defect of standing is a defect of subject matter jurisdiction.[4] Aside from factual findings, which are reviewed for clear error, the granting of a motion to dismiss for lack of

---

[1] See Neb. Rev. Stat. § 21-1949 (Reissue 2012).

[2] See *In re Invol. Dissolution of Wiles Bros.*, 285 Neb. 920, 830 N.W.2d 474 (2013) (noting receipt of evidence pertaining to § 6-1112(b)(1) motion is permitted).

[3] Neb. Rev. Stat. § 24-1106 (Reissue 2008).

[4] *In re Invol. Dissolution of Wiles Bros., supra* note 2; *State ex rel. Reed v. State*, 278 Neb. 564, 773 N.W.2d 349 (2009).

subject matter jurisdiction under § 6-1112(b)(1) is subject to de novo review.[5]

## ANALYSIS

Skyline is a Nebraska nonprofit corporation subject to the provisions of the Nebraska Nonprofit Corporation Act (the Act).[6] A derivative suit may be brought on behalf of a Nebraska nonprofit corporation by a member or director of the corporation.[7] The sole question before us is whether Link was a director of Skyline at the time he filed the derivative action.

The parties generally agree that Skyline originally operated SRC as a "retirement community" subject to the provisions of §§ 76-1301 to 76-1315. Section 76-1313 specifically provides that a corporation operating a retirement community must allow purchasers of units to select a representative to sit on the governing body of the corporation.

The record indicates that in 2009, Skyline changed the manner in which it operated SRC so that SRC was no longer a retirement community subject to § 76-1313. In 2010, an attorney representing Skyline advised the Nebraska Real Estate Commission of his opinion that because of this change, Skyline was not required to renew its license as a retirement community, and the executive director of the commission agreed. But following this structural change, Skyline did not amend the provisions of its articles and bylaws with respect to the requirement of a resident director.

The directors argue that because Skyline did not operate a retirement community subject to § 76-1313 at the time of Link's 2011 election, his election was "null and void."[8] This argument is based on the provision in the bylaws that the resident director shall be elected annually "[p]ursuant to Neb. Rev. Stat. §76-1313." The directors contend that based solely on this reference to § 76-1313, the articles of incorporation and the bylaws "clearly base[d] the position of a Resident

---

[5] *Id*.

[6] See Neb. Rev. Stat. §§ 21-1901 to 21-19,777 (Reissue 2012).

[7] § 21-1949(a) and (b).

[8] Brief for appellees at 9.

Director"[9] on the applicability of § 76-1313, and that because § 76-1313 did not apply to SRC at the time of Link's election, he was "not a valid director of Skyline at the time of filing this lawsuit."[10] The district court agreed with this argument. We do not.

The Act requires a nonprofit corporation to have a board of directors[11] made up of individuals[12] and provides that "[t]he articles or bylaws may prescribe other qualifications for directors."[13] The Act defines bylaws to mean the code of rules adopted "for the regulation or management of the affairs of the corporation."[14] It provides that the articles of incorporation may set forth provisions relating to the board of directors and the management of corporate affairs which are "not inconsistent with law."[15] The Act also prescribes specific procedures for amending the articles of incorporation and bylaws of a nonprofit corporation.[16]

[3,4] Although there is one reference to § 76-1313 in Skyline's bylaws, neither the articles of incorporation nor the bylaws make election of the resident director dependent upon the existence of a legal obligation under § 76-1313. A corporation's articles of incorporation and bylaws, together with State corporation law, regulate the manner in which a company's officials and directors must conduct the company's business.[17] Unless waived, and until repealed, the bylaws of a corporation are the continuing rule for its government and affairs.[18] Here, neither the articles of incorporation nor the bylaws were

---

[9] *Id.* at 8.

[10] *Id.* at 7.

[11] § 21-1968.

[12] § 21-1969.

[13] *Id.*

[14] § 21-1914(4).

[15] § 21-1921(b)(3).

[16] §§ 21-19,105 to 21-19,117.

[17] 18 C.J.S. *Corporations* § 164 (2007).

[18] *Id.*

amended after Skyline ceased to operate SRC as a retirement community subject to § 76-1313.

The fact that § 76-1313 does not presently obligate Skyline to provide for the election of a resident director by the residents of SRC does not change the fact that Skyline's bylaws and articles of incorporation continue to so provide. And no provision of law prevents Skyline from so providing. Link was duly elected as the resident director in 2011 and was serving in that capacity at the time he filed the derivative action. Link therefore has standing to bring the action.

## CONCLUSION

For the foregoing reasons, Link has standing to bring this derivative action. We reverse, and remand for further proceedings.

Reversed and remanded for further proceedings.

---

In re Interest of Justine J. and Sylissa J.,
children under 18 years of age.
State of Nebraska, appellant, v.
Shawna R., appellee.

___ N.W.2d ___

Filed July 18, 2014.     No. S-13-993.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2. **Rules of the Supreme Court: Appeal and Error.** Where the brief of a party fails to comply with the mandate of Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2012), an appellate court may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error.
3. **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.
4. **Parental Rights: Abandonment: Words and Phrases.** For purposes of Neb. Rev. Stat. § 43-292(1) (Cum. Supp. 2012), "abandonment" is a parent's intentionally withholding from a child, without just cause or excuse, the parent's presence, care, love, protection, maintenance, and the opportunity for the display of parental affection for the child.