Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/25/2016 09:09 AM CDT

Nicole K. Thompson, appellee, v.
Justin D. Thompson, appellant.
___ N.W.2d ___

Filed October 25, 2016.    No. A-15-708.

1. **Child Custody: Appeal and Error.** Child custody determinations, and parenting time determinations, are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.

3. **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.

4. **Trial: Evidence: Appeal and Error.** A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion.

5. **Evidence: Words and Phrases.** Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

6. **Visitation.** The trial court has discretion to set a reasonable parenting time schedule.

7. ____. The determination of the reasonableness of a parenting plan is to be made on a case-by-case basis.

8. ____. Parenting time relates to continuing and fostering the normal parental relationship of the noncustodial parent.

 9. ____. The best interests of the children are the primary and paramount considerations in determining and modifying visitation rights.
10. **Visitation: Courts.** District courts are not statutorily required to grant equal parenting time if such is not in the child's best interests.
11. **Parent and Child.** The best interests of a child require that the child's family remain appropriately active and involved in parenting with safe, appropriate, continuing quality contact between the child and the child's family when they have shown the ability to act in the best interests of the child and have shared in the responsibilities of raising the child.

Appeal from the District Court for Lincoln County: Donald E. Rowlands, Judge. Affirmed in part, and in part reversed and remanded with directions.

James C. Bocott, of Law Office of James C. Bocott, P.C., L.L.O., for appellant.

Kim M. Seacrest, of Seacrest Law Office, for appellee.

Inbody, Riedmann, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

Justin D. Thompson appeals from the order of the district court for Lincoln County which dissolved his marriage to Nicole K. Thompson, divided the marital property, and awarded custody and parenting time of their minor child. We find that the parenting time awarded to Justin was an abuse of discretion; therefore, we reverse that portion of the decree and remand the cause for formulation of a new parenting plan.

## BACKGROUND

Justin and Nicole were married in 2007, and their child was born in 2011. The parties separated in August 2013, and Nicole filed for dissolution of the marriage. Each party requested custody of the minor child. In a temporary order, the district court awarded custody of the child to Nicole and granted Justin parenting time every other weekend.

Trial was held in May 2015. Relevant to this appeal, evidence was presented as to the strengths and weaknesses of

Justin and Nicole relating to their fitness for custody of the child. Nicole works at an urgent care center Monday through Friday from approximately 8 a.m. until 5 p.m., but she has some flexibility in her hours. Nicole usually drops the child off at daycare and picks her up after work.

Justin is a firefighter who typically works 24 hours on, 24 hours off until he has worked for 5 days, and then he has 6 consecutive days off. Thus, instead of sending the minor child to daycare when Nicole is working but Justin is not, Justin requested he receive parenting time during his days off. This was the arrangement the parties utilized during the marriage, where Justin or his mother would watch the child while Nicole was working.

Nicole acknowledged that Justin and the child have always had a close relationship. Nonetheless, she requested that he continue to receive parenting time every other weekend in order to maintain the schedule imposed in the temporary order, which Nicole believed was working well for the child. She did not believe that allowing the child to be with Justin on his days off would work well for the child.

Justin and Nicole communicate through text messages, and Nicole testified that their communication is "very, very sparse." They do not speak in person, and the exchange of the minor child is facilitated by the paternal grandparents pursuant to the temporary order. Nicole said she and Justin do not parent together at all, and when asked whether joint custody should be considered, she stated, "Not at all." She said that any kind of joint parenting would be "[v]ery unrealistic" at this point and would "[a]bsolutely" affect the child because she and Justin are unable to communicate about simple things. Rather than their communication improving after their separation, it deteriorated to the point where Nicole said there is virtually no communication between them.

Nicole testified about some of Justin's behaviors during the marriage. She described experiencing some physical and verbal abuse, including an incident where he struck her. She claimed he drank to excess, which exacerbated his anger.

There was an incident in July 2014 where Justin had been drinking alcohol, "got his pistol out of the gun safe," and threatened to commit suicide. Justin admitted to suffering emotional issues during the years prior to trial, including being suicidal at times. After the July 2014 incident, he completed an outpatient mental health program, and according to Justin, he has not had any additional mental health issues or thoughts of suicide since then.

The child's daycare provider testified and described several instances where Justin would show up at her home and act inappropriately, including times when he would become very emotional and cry, which would upset the minor child. Although Nicole timely pays her portion of the child's daycare expenses, the provider continuously had problems with Justin's portion. There have been times when Nicole had to pay Justin's share of the expenses to avoid losing the child's position in daycare. Justin remained behind on his payments as of the time of trial. Justin described his difficulty in budgeting for his monthly expenses, but admitted to traveling on numerous occasions in 2014 and 2015, including an overnight trip to a concert in Wyoming, a ski trip to Colorado, a trip to Florida, and a trip to a concert in Omaha, Nebraska.

During Justin's testimony, he offered an exhibit, marked as exhibit 22, into evidence. Exhibit 22 was described as a memorandum order from "this [c]ourt" that counsel shared with Justin and that Justin understood to be the standard parenting time schedule utilized by the trial court. Nicole objected to allowing exhibit 22 into evidence, arguing that it had no purpose, did not apply to the present case, and was outdated because it had been modified since its original creation in 1999. The objection was sustained.

The dissolution decree was filed on May 27, 2015. The district court found that each party was a fit and proper person to have the care, custody, and control of the minor child. After observing the demeanor of each of the witnesses and considering all of the evidence, the court found that the best interests

of the minor child would be served by placing her custody with Nicole subject to the right of reasonable parenting time with Justin.

The district court determined that the parties equally coparented the child until they separated, at which time Nicole became the primary parent, and found the evidence was "crystal clear" that Nicole has properly cared for the child and is a loving mother who puts the child's welfare above all other matters. The court acknowledged that Justin is an "excellent father" who desires to spend as much time as possible with the child. The court also noted, however, several negative factors about Justin that were revealed during trial, including his contemplation of suicide, the incident of domestic assault against Nicole, his failure to promptly pay daycare expenses while taking extended vacations, and his emotional displays at the daycare provider's residence. The court summed up the evidence by concluding that Nicole's emotional stability is substantially greater than Justin's.

The court observed that it is "unfortunate" that Justin and Nicole "have virtually no communication with each other" and found that although some type of joint custody arrangement might have been an "optimum situation" if the parties had a better relationship with each other, joint custody was "obviously not feasible at the present time." Therefore, the court ordered parenting time for Justin every other weekend from Friday at 6 p.m. to Sunday at 6 p.m. and two holidays per year. Justin timely appeals to this court.

## ASSIGNMENTS OF ERROR

Justin assigns that the district court erred in (1) refusing to admit exhibit 22 into evidence, (2) finding that the court-ordered parenting plan was in the best interests of the child, and (3) finding that the standard visitation schedule was in the best interests of the child and improperly shifting the burden of proof to him to prove that the standard schedule is not in the best interests of the child.

## STANDARD OF REVIEW

[1,2] Child custody determinations, and parenting time determinations, are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Hill v. Hill*, 20 Neb. App. 528, 827 N.W.2d 304 (2013). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id*.

## ANALYSIS

*Exhibit 22*.

Justin argues that the district court erred in sustaining Nicole's objection to exhibit 22 and refusing to receive it into evidence. We disagree.

[3-5] In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *In re Invol. Dissolution of Wiles Bros.*, 285 Neb. 920, 830 N.W.2d 474 (2013). A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion. *Id*. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Neb. Rev. Stat. § 27-401 (Reissue 2008).

In the present case, the factual determination to be made by the district court was which custody and parenting time arrangement was in the best interests of the parties' minor child. During direct examination, Justin's attorney sought to introduce exhibit 22 into evidence through Justin. The purpose

of the offer was apparently to show that the court utilizes a standard parenting plan that provides for parenting time every other weekend from Friday to Sunday with alternating time on four holidays and 6 weeks of summer parenting time. Justin was allowed to testify as to the content of the standard parenting plan and state his opinion that such a plan was not in the best interests of his child. The court sustained Nicole's relevancy objection on the basis that the exhibit was not the current version of the court's standard plan.

The focus of Justin's testimony was to support his request for custody of the child or, in the alternative, more parenting time than he received in the temporary order. Nothing about an outdated standard parenting time schedule tends to prove that awarding Justin custody or additional parenting time would be in the best interests of this child.

Although the fact that the court will utilize a standard plan could generally support Justin's argument on appeal that the court does not tailor its parenting plans to the specificities of each case, from an evidentiary standpoint, the exhibit does not tend to make the existence of a fact of consequence any more or less probable. In other words, exhibit 22 does nothing to prove or disprove that Justin should be awarded custody or, in the alternative, more parenting time. As a result, the district court did not abuse its discretion in sustaining Nicole's objection and refusing to admit exhibit 22 into evidence.

*Court-Ordered Parenting Plan.*

Justin claims that the district court abused its discretion in finding that the court-ordered parenting plan was in the child's best interests. We agree, and therefore, we reverse this portion of the decree and remand the cause to the district court to create a parenting plan that takes into consideration Justin's availability to parent his child.

[6-9] The trial court has discretion to set a reasonable parenting time schedule. See *Maranville v. Dworak*, 17 Neb. App. 245, 758 N.W.2d 70 (2008). The determination of reasonableness is to be made on a case-by-case basis. *Id*. Parenting

time relates to continuing and fostering the normal parental relationship of the noncustodial parent. See, *Fine v. Fine*, 261 Neb. 836, 626 N.W.2d 526 (2001); *Walters v. Walters*, 12 Neb. App. 340, 673 N.W.2d 585 (2004). The best interests of the children are the primary and paramount considerations in determining and modifying visitation rights. *Id*. The best interests inquiry has its foundation in both statutory and case law.

Neb. Rev. Stat. § 43-2923(6) (Cum. Supp. 2014) provides that in determining custody and parenting arrangements:

[T]he court shall consider the best interests of the minor child, which shall include, but not be limited to, consideration of . . . :

(a) The relationship of the minor child to each parent prior to the commencement of the action or any subsequent hearing;

(b) The desires and wishes of the minor child, if of an age of comprehension but regardless of chronological age, when such desires and wishes are based on sound reasoning; [and]

(c) The general health, welfare, and social behavior of the minor child.

[10] In addition to these factors, the Nebraska Supreme Court has previously held that in determining a child's best interests, courts

"'may consider factors such as general considerations of moral fitness of the child's parents, including the parents' sexual conduct; respective environments offered by each parent; the emotional relationship between child and parents; the age, sex, and health of the child and parents; the effect on the child as the result of continuing or disrupting an existing relationship; the attitude and stability of each parent's character; parental capacity to provide physical care and satisfy educational needs of the child; the child's preferential desire regarding custody if the child is of sufficient age of comprehension regardless of

chronological age, and when such child's preference for custody is based on sound reasons; and the general health, welfare, and social behavior of the child.'"

*Davidson v. Davidson*, 254 Neb. 357, 368, 576 N.W.2d 779, 785 (1998). The relevant Nebraska statutes do not require a district court to grant equal parenting time if such is not in the child's best interests. See *Kamal v. Imroz*, 277 Neb. 116, 759 N.W.2d 914 (2009).

In the present case, the district court made detailed factual findings in its order, concluding that although Justin and Nicole are both fit and proper parents, placing custody with Nicole subject to Justin's parenting time was in the child's best interests. The court characterized Justin as an "excellent father" who "clearly . . . desires to spend as much time as possible with his minor child."

However, under the parenting plan the district court created, Justin received parenting time with the minor child only 4 days per month. We find that arrangement constitutes an abuse of discretion when considering the evidence presented at trial. Importantly, the parties shared parenting responsibilities when they were married, with Justin taking care of the child on his days off while Nicole was working. Additionally, Justin has an atypical work schedule which allows him approximately 20 days off per month, time he could be spending with the child. Nicole provided no justification for limiting Justin's parenting time to every other weekend except for maintaining the arrangement provided in the temporary parenting plan. In other words, Nicole expressed no concern about the child spending additional time with Justin. The district court found Justin to be an "excellent father," and despite acknowledging some of Justin's shortcomings, the court appeared to favor a joint custody arrangement but for the parties' communication issues. Thus, the decision to award Justin such limited parenting time appears not to be based upon Justin's behaviors, but, rather, solely on the parties' inability to communicate with each other.

[11] The best interests of a child require that the child's family remain appropriately active and involved in parenting with safe, appropriate, continuing quality contact between the child and her family when they have shown the ability to act in the best interests of the child and have shared in the responsibilities of raising the child. See § 43-2923. Based on the facts of this case, we find that allowing Justin parenting time only every other weekend constitutes an abuse of the trial court's discretion. We therefore reverse the parenting plan and remand the cause for creation of a new parenting plan that is tailored for the best interests of this child.

Because we find that the parenting plan ordered by the district court is not in the child's best interests and we remand the cause to the district court with directions to devise a parenting plan that takes into consideration Justin's available parenting days, we need not address Justin's assignment of error regarding whether the district court erroneously shifted the burden to him to prove its standard visitation schedule was not in the child's best interests.

## CONCLUSION

We conclude that the district court did not abuse its discretion in sustaining the objection to exhibit 22. However, awarding Justin only two weekends of parenting time per month under the parenting plan was an abuse of discretion. We therefore reverse that portion of the decree and remand the cause for formulation of a new parenting plan taking into consideration Justin's available parenting days.

Affirmed in part, and in part reversed and remanded with directions.